### Janet S. Winters, Appellee, v. Aurora, Elgin & Chicago Railways Company, Appellant.

#### Gen. No. 21,829. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. RICHARD E. BURKE, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of fact. Opinion filed February 14, 1916. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Janet S. Winters, plaintiff, against Aurora, Elgin & Chicago Railways Company, defendant, to recover for personal injuries. From a judgment for plaintiff for $7,500, defendant appeals.

The declaration, consisting of one count, charged as negligence defendant's failure to remove a certain door or covering from over the steps of the car on which plaintiff was a passenger, and carelessly, negligently and improperly permitting the door or covering to remain upon the platform of said car and upon and over the steps thereof, rendering the same dangerous and hazardous as to the plaintiff, and carelessly and negligently failing to notify and warn plaintiff as to the condition and position of said door or covering over said steps and the dangers incident thereto; that plaintiff, in consequence of such negligence, while in the exercise of ordinary care, and during the nighttime when it was dark, and while attempting to leave said car, under the direction of defendant's servant, stepped from and off the door or covering of said steps, instead of stepping down to and upon the steps and from said steps down to and upon the ground, causing plaintiff to fall and to be precipitated a great distance from said car down to and upon the ground, injuring her, etc. The evidence showed that on the day of the accident to plaintiff she

took defendant's car at Bellwood with the intention of leaving it at Des Plaines avenue, Forest Park.

It was not denied that defendant's car platforms were equipped with flaps, which let down from the steps and were kept down while the cars were in motion. The evidence showed that at stations where defendant maintained elevated platforms, passengers got off the cars on a level, without the raising of the flaps from the steps; where station platforms were upon the ground the flaps were raised so that passengers alighted by walking down the steps, which ran downward to the station platform.

It appeared that at the time of the accident the car had stopped at the Des Plaines avenue station and remained stationary until after the accident. Plaintiff, who was seated in the car, came out on the platform and took hold of a perpendicular rod with her left hand and of another part of the car with her right hand. Plaintiff testified that it was dark and that she stepped off of the car expecting to step on a step leading from the car platform, but as there was no step there, she fell.

Plaintiff testified also that it was sufficiently light so that she saw plainly that the vestibule door was open and knew the flap was down over the steps when she started to get off, and that she looked down for the express purpose of seeing where she was walking.

She testified further that she knew that the first step down would be some little distance inside the sheathing of the car and kept that in mind. Also, that she knew the flap was down over the steps when she started to get off.

Plaintiff had many times traveled upon defendant's car between Bellwood and Des Plaines avenue station, Forest Park, and was cognizant of the construction of the car platform and of the station platforms at both of these stations.

There was evidence that she told two persons that

she was pushed off the train. One of them, Dr. Pickard, produced a statement signed by plaintiff to that effect. Plaintiff claims that the paper she signed was in blank at the time she signed it, but there was evidence against such claim.

She also testified that it was dark upon the platform at the time of the accident. Her sister-in-law, who was with her, testified that it was sufficiently light so that she could plainly see that the vestibule door was open.

Several witnesses testified as to the abundance of light, both on the platform of the car and around Des Plaines avenue. In the testimony of some of the witnesses, lights were specifically mentioned as follows: About twenty-five feet from the station platform was the entrance archway of Forest Park, on which were seven clusters of 60-watt forty candle-power tungsten lamps with five lights in each cluster, which threw 1,400 candle-power of brilliant tungsten illumination directly onto defendant's train, the vestibule door and the platform from which plaintiff alighted; lights in the tower of Forest Park, about fifteen feet removed from the station platform, and an arc lamp on a pole thirty-five feet high just inside the entrance to Forest Park, with a lighting power of 3,500 candles; two street electric lights within fifty and one hundred feet of defendant's track; four clusters of incandescent lights of five lights each on the crossing gates, and a cluster of lights on the watchman's shanty immediately west of Des Plaines avenue; a cluster of lights on a pole on the east side of Des Plaines avenue; also tungsten and gas arcs on the front porch of a fruit store just south of defendant's tracks; all of which were burning at the time of the accident.

Plaintiff testified that she was carried after the accident. Other witnesses testified that she walked. Plaintiff also attributed the ailments from which she was suffering to injuries received as the result of her fall from defendant's car, while there was evidence

that all of the important physical ailments of which she complained existed prior to her fall from defendant's car. She also testified that after the accident she was an invalid and unable to do her own work. Disinterested witnesses testified to the contrary.

DAVID J. PEFFERS, ROBERT J. WING and FRANKLIN B. HUSSEY, for appellant.

JAMES L. BYNUM, for appellee; BERNHARDT FRANK, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to show contributory negligence.* In an action by a passenger to recover for injuries alleged to have been caused by the carrier's negligence in failing to lift the platform covering the steps of the car, whereby plaintiff fell and was injured in alighting, evidence examined and *held* to show a lack of prudence on plaintiff's part constituting contributory negligence.

2. APPEAL AND ERROR, § 1802*—*when reversal without remand authorized.* Under section 120 of the Practice Act (J. & A. ¶ 8657), the Appellate Court has power, on appeal from the judgment of the trial court, to reverse a judgment without remanding the cause where the weight of the evidence does not justify the verdict.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.